**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06cv4**

| | |
|---|---|
| STATE OF NORTH CAROLINA EX REL. )<br>AND NICHOLAS JACK AYERS, )<br>             )<br>Plaintiffs,   )<br>             )<br>Vs.          )<br>             )<br>JAY SELLERS, Individually and in his )<br>Official Capacity as a North Carolina )<br>State Trooper, *et al.*, )<br>             )<br>Defendants.   )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on defendant Graham County's Motion to Dismiss. Having initially considered defendant Graham County's motion and reviewed the pleadings, the court enters the following findings and Order.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion to dismiss for failure to state a cause of action. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law.

In this case, the moving defendant contends that it should be dismissed because it is not the employer of the Sheriff or his deputies. To state a cause of action under Section 1983, plaintiff must allege deprivation of a right secured by the Constitution or other law of United States by a person acting under color of state law. Where that "person" is a county, a plaintiff must allege that the alleged deprivation resulted from the execution of the local government's policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy, and that injury was inflicted as a result. Spell v. McDaniel, 824 F.2d 1380 (4th Cir.

1

1987). This court has previously held that a county has absolutely "no authority to control law enforcement policies of the . . . Sheriff's office or to control its personnel." Little v. Smith, 11 F.Supp.2d 437, 436 (W.D.N.C. 2000).

Finally, plaintiff is advised that if he fails to respond to defendant's motion, the court will summarily recommend that his claims against the moving defendant be dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff respond to Graham County's Motion to Dismiss within 14 days of the filing of this Order.

Signed: March 23, 2006

Dennis L. Howell
United States Magistrate Judge