# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION
#### 2:06cv4

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA EX REL. AND NICHOLAS JACK AYERS, | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| Vs. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| JAY SELLERS, Individually and in his Official Capacity as a North Carolina State Trooper, *et al.*, | ) ) ) ) | |
| **Defendants.** | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant Graham County's Motion to Dismiss. In his *pro se* Complaint, plaintiff has asserted claims for "illegal seizures, detentions, and arrests," allegedly at the hands of the Sheriff of Graham County, his deputies, and a State Trooper. Complaint, at ¶ 1. Graham County has moved under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the claims against it arguing that it does not employ the sheriff or his deputies, and can only be held liable for acts over which the county has final policymaking authority. Defendant's Memorandum, at ¶ 2.

Inasmuch as plaintiff is proceeding *pro se*, the undersigned issued an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the nature of defendant's motion, advising plaintiff on the manner of response, and granting plaintiff additional time to respond. Plaintiff responded, arguing that the sheriff and his deputies are employees of the county, and submitted in support of such argument documents purporting to be county records indicating that the county paid for the sheriff's bond and set deputies salaries, among other matters. See Attachments to Plaintiff's Response. The county has countered such arguments in its reply. Without permission and after the briefing period

1

had closed, and in contravention of the local rules, plaintiff filed a document entitled "reply,"

which the court deems to be a "surreply." Despite the surreply being outside the rules, the

undersigned has considered the substance of that pleading. The undersigned, respectfully,

enters the following findings, conclusions, and recommendation.

## FINDINGS AND CONCLUSIONS

### I.     Applicable Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule

12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490

U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual
> allegations in the complaint are true, streamlines litigation by dispensing with
> needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its
> sweep to claims of law which are obviously insupportable. On the contrary,
> if as a matter of law "it is clear that no relief could be granted under any set of
> facts . . . a claim must be dismissed, without regard to whether it is based on
> outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are
> dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where

it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could

support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475,

479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir.

2001).

While the court accepts factual allegations in the complaint as true and considers the

facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need

not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern

Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

The presence of a few conclusory legal terms does not insulate a

complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendant's motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

## II.    Discussion

Resolution of the issue of whether a county makes policy for the sheriff and is liable under Section 1983 is well settled in the Western District of North Carolina.  Chief Magistrate Judge Carl Horn has succinctly summarized current law, holding that

the key inquiry is how state law allocates power and responsibility. A county may only be held liable for acts for which the county has final policymaking authority. Whether a county or county official has final policymaking authority in a specific area is a question of state law.
    In North Carolina, the Office of Sheriff is a legal entity, established by the state constitution and state statutes, separate and distinct from the Board of County Commissioners because a sheriff is elected by the people, not employed by the county. The sheriff, not the county, has final policymaking authority over the personnel decisions in his office. N.C.Gen.Stat. § 153A-103 provides that each elected sheriff "has the exclusive right to hire, discharge, and supervise the employees in his office." This authority may not be delegated to another person or entity.
    Thus, it is Sheriff Sellers, not Anson County, who has the final decision making authority over law enforcement policies of his office. Indeed, Anson County does not have the power to exercise supervision or control over the law enforcement officers who work for the sheriff who "are appointed by and act for the sheriff, who alone is responsible for their conduct."
    In short, Anson County has no authority to control law enforcement policies of the Anson County Sheriff's Office or to control its personnel.

Little v. Smith, 114 F.Supp.2d 437, 446 (W.D.N.C. 2000)(citations omitted; emphasis

added). The state laws governing the relationship between counties and sheriffs have the same mandate and application in Graham County as they do in Anson County.

Whether a county has policymaking control over the sheriff or his deputies is the key to determining whether a county can be sued under 42, United States Code, Section 1983, as explained by the United States Supreme Court in a number of decisions. In Monell v. Department of Social Servs., 436 U.S. 658 (1978), the Court held that local governing bodies, such as counties, are "persons" that can be sued directly under Section1983 for monetary, declaratory, or injunctive relief when the alleged unconstitutional action executes a county policy or custom. Put another way, while a county is considered to be a person under Section 1983, it can only be sued where the county is responsible, through issuance of policies, for the conduct another person who violated some federally protected right. In determining whether a county can be held responsible, a court must ask whether a county has the ability to make policy for the sheriff's office, and whether it was the execution of such a policy that inflicted injury on the plaintiff. Monell, supra, at 694.

In this case, plaintiff is complaining of alleged acts committed by the Graham County Sheriff and his deputies. To be held to answer in this case, the county must have set the policies which resulted in the sheriff and his deputies allegedly violating plaintiff's rights. In North Carolina, the Sheriff sets the policies for the conduct of his department, not the county. Little, supra. Without doubt, North Carolina unequivocally provided that each elected sheriff "has the exclusive right to hire, discharge, and supervise the employees in his office." N.C.Gen.Stat. § 153A-103. Despite plaintiff's arguments and production of county records, Section 1983 liability stops with the sheriff for his own acts and those of his deputies that are made pursuant to the sheriff's own policies and customs. Plaintiff's argument in his surreply, to the effect that a jury should decide who employs deputies, is unavailing inasmuch

as it is an issue of law for the court, not an issue of fact for the jury. The undersigned must, therefore, recommend that Graham County's Motion to Dismiss be granted.


## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant Graham County's Motion to Dismiss (#4) be **GRANTED.**


Signed: May 16, 2006


Dennis L. Howell
United States Magistrate Judge


The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).