IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL NO. 2:06CV4

| | |
|---|---|
| STATE OF NORTH CAROLINA, *ex rel.*, and NICHOLAS JACK AYERS, <br><br> Plaintiffs, <br><br> vs. <br><br> JAY SELLERS, Individually and in his Official Capacity as a North Carolina State Trooper; GRAHAM COUNTY; BOBBY M. DEBRUHL, Individually and in his Official Capacity as Sheriff of Graham County; SCOTT CALDWELL, Individually and in his Official Capacity as an Employee of the Sheriff of Graham County; BRIAN JONES, Individually and in his Official Capacity as an Employee of the Sheriff of Graham County; and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Surety for Sheriff Bob DeBruhl, <br><br> Defendants. | **MEMORANDUM <br> AND <br> ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on Plaintiff's objections to the Memorandum and Recommendation of Magistrate Judge Dennis Howell that the motion of Defendant Graham County to dismiss be allowed.

## I. FACTS

Plaintiff Nicholas Ayers filed this matter on January 27, 2006, alleging various federal and state causes of action for alleged "repeated illegal seizures, detention and arrests of Nicholas Jack Ayers." **Complaint, filed January 27, 2006, ¶ 1.** Plaintiff has sued, among others, Graham County, North Carolina ("the County"). *Id.* Plaintiff's claim against the County is for violation of 42 U.S.C. § 1983. *Id.,* **¶¶ 39-43.** Plaintiff avers that the County employs the sheriff's deputies who purportedly violated his rights, and that the violations occurred as a result of the County having "developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Right[s] of persons living in or visiting the County." *Id.,* **¶ 40;** *see also,* **¶¶ 5, 39-43.**

The County moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting Plaintiff's failure to state a claim upon which relief can be granted. **See, Notice of Motion and Motion to Dismiss by Defendant Graham County; Memorandum of Points and Authorities in Support Thereof ("Defendant's Motion"), filed February 23, 2006.** The County asserts that it is not a proper party to this action and should be dismissed because "[a] county may only be held liable for acts

for which the county has final policymaking authority," and "[i]t is bedrock North Carolina law that a county has no authority to control law enforcement policies of the . . . Sheriff's office or to control its personnel." **Defendant's Motion, at 2 (citations and quotation marks omitted).**

The County's motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), who issued a recommendation granting the County's motion. **See, Memorandum and Recommendation, filed May 16, 2006.** Plaintiff has timely filed his objections to the Memorandum and Recommendation and the matter is now ripe for disposition. **See, Answer to Memorandum and Recommendation, filed May 30, 2006.**

## II. STANDARD

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof. **28 U.S.C. § 636(b)(1).** "Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections." ***Thomas v. Westinghouse Savannah River Co.***, 21 F.Supp.2d 551, 560 (D.S.C. 1997); *see also*, ***Battle v. United States Parole Comm'n***, 834 F.2d 419,

421 (5th Cir. 1987) ("**Parties filing objections must specifically identify those findings objected to.**"). "Frivolous, conclusive or general objections need not be considered by the district court." ***Battle***, 834 F.2d at 421. General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. ***Tyler v. Beinor***, 81 Fed. Appx. 445, 446 (4th Cir. 2003); ***United States v. Woods***, 64 Fed. Appx. 398, 399 (4th Cir. 2003). If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.***, 416 F.3d 310, 315 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee note).

## III. ANALYSIS

Pursuant to Title 42, United States Code, Section 1983, any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" **42 U.S.C. § 1983.** A county is a "person" for purposes of Section 1983. **See, Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694-95 (1978).** However, a county's liability is not all-encompassing. Rather, it is only where the action constituting the basis for the suit is performed pursuant to county policy that § 1983 liability arises. **Id.; see also, McMillian v. Monroe County, Ala., 520 U.S. 781, 784 (1997)** ("[A] local government is liable under § 1983 for its policies that cause constitutional torts."); **Little v. Smith, 114 F.Supp.2d 437, 446 (W.D.N.C. 2000)** ("A county may only be held liable for acts for which the county has final policymaking authority."). "In determining whether a county is liable for a sheriff's action, [the court] review[s] how state law allocates power and responsibility." **Knight v. Vernon, 214 F.3d 544, 552 (4th Cir. 2000).** The proper "inquiry [is] on the particular policy area in question[.]" **Id.**

In this case, the policy areas in question are the supervising of officers and the investigation and handling of citizen complaints. **See, Complaint, ¶ 41.** The law in North Carolina in regard to these matters is very clear: "Each sheriff . . . elected by the people has the *exclusive right* to

hire, discharge, and *supervise* the employees in his office." **N.C. Gen. Stat. § 153A-103(1) (emphasis added)**.  A sheriff, and not the county encompassing his jurisdiction, is responsible for setting official policy and for the actions of his employees.[1]  **See, Clark v. Burke County, 117 N.C. App. 85, 89, 450 S.E.2d 747, 749 (1994) ("[T]he control of employees hired by the sheriff is vested exclusively in the sheriff . . . [and] the individual person is an employee of the sheriff[.]" (citation and quotation marks omitted));** *see also*, **N.C. Gen. Stat. § 162-24 ("The sheriff may not delegate to another person the final responsibility for discharging his official duties[.]").**  A county does not and cannot supervise the employees of the sheriff, nor can a county discipline a sheriff's employee as a result of a citizen complaint.  The sheriff, by statute, has *exclusive* authority in these matters.  **N.C. Gen. Stat. § 153A-**

---

[1] Plaintiff's arguments regarding Defendant (and former sheriff's deputy) Scott Caldwell being a county employee rather than a sheriff's deputy on the basis of Caldwell's having forged his high school diploma is to no avail.  **See, Plaintiff's Objections.**  The controlling law speaks not of a sheriff having sole supervisory responsibility over his *deputies*, but rather over all of his *employees*.  **See, N.C. Gen. Stat. § 153A-103(1).**  Whether Caldwell did or did not meet the requirements for being a deputy sheriff as a result of the alleged forgery is immaterial inasmuch as Caldwell was hired by the sheriff to work for the sheriff and was at all times the *employee* of the sheriff.

**103(1).** As a matter of law then, Graham County has no § 1983 liability for the actions alleged by Plaintiff. **See, *Monell, supra*; *McMillian, supra*; *Little, supra*.** Therefore, the Complaint must be dismissed with prejudice as to the Defendant County. **See, *Neitzke v. Williams*, 490 U.S. 319 (1989) (complaint may be dismissed pursuant to Rule 12(b)(6) based on a dispositive issue of law).**

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Graham County's motion to dismiss is **GRANTED,** and the Plaintiff's claims as to Defendant Graham County are hereby **DISMISSED WITH PREJUDICE**.

Signed: June 27, 2006

Lacy H. Thornburg
United States District Judge