# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
## 2:06cv4

| | |
|---|---|
| STATE OF NORTH CAROLINA EX REL. AND NICHOLAS JACK AYERS, </br>　　　　Plaintiffs, </br></br>Vs. </br></br>JAY SELLERS, Individually and in his Official Capacity as a North Carolina State Trooper, *et al.*, </br>　　　　Defendants. | ORDER |

**THIS MATTER** is before the court on defendant Scott Caldwell's Motion to Dismiss (#29).[1] Having initially considered defendant Scott Caldwell's motion and reviewed the pleadings, the court enters the following findings and Order.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion to dismiss for failure to state a cause of action. Rule 12(b)(5), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to properly serve a defendant with process.

In this case, the moving defendant contends that plaintiff's attempt to serve him via certified mail at his mother-in-law's home was ineffective, inasmuch as his mother-in-law returned such certified mail with the explanation that Mr. Caldwell no longer lived there. It is Defendant Caldwell's position that rather than investigate the matter and determine a better

---

[1] Counsel for Defendant Caldwell is respectfully advised that in federal court there is no requirement of filing a "Notice of Motion," and that such a filing actually creates errors in the docketing system.

address for him and then seek issuance of a new summons and serve that summons properly, plaintiff has instead filed a "Motion for Summative Judgment" against him, which is improper inasmuch as he was never served. Defendant Caldwell has moved to dismiss this action under Rule 12(b)(5). The court's docket reflects no certificate of service or return on the summons issued as to Defendant Caldwell.

Plaintiff is now advised that if he fails to respond to defendant's motion, show good cause for failing to serve Defendant Caldwell within 120 days of January 27, 2006, the court will summarily recommend that his claims against the moving defendant be dismissed and his "Motion for Summative Judgment" be summarily denied. In responding to such motion, plaintiff may request that such period be reopened upon a showing of excusable neglect; however, the court will review any such request in light of the actions of plaintiff in this matter, as well as the allegations of the Complaint.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff respond to Defendant Caldwell's Motion to Dismiss within 14 days of the filing of this Order.

Signed: July 7, 2006

Dennis L. Howell
United States Magistrate Judge