**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06cv4**

| | |
|---|---|
| STATE OF NORTH CAROLINA EX REL. ) <br> AND NICHOLAS JACK AYERS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> Vs. ) <br> ) <br> JAY SELLERS, Individually and in his ) <br> Official Capacity as a North Carolina ) <br> State Trooper, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the court on defendant Jay Seller's Motion to Dismiss. Having initially considered defendant Jay Seller's motion and reviewed the pleadings, the court enters the following findings and Order.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion to dismiss. Defendant Sellers alleges that plaintiff has failed to properly serve him in either his official or individual capacity and that he failed to deliver a copy of the summons with the Complaint when he allegedly served such Complaint on another member of the State Highway Patrol. Further, Defendant Sellers alleges that the 120 days for service has now run and that he must show good cause for such failure.

Inasmuch as plaintiff is proceeding *pro se,* he is advised that he has the right to respond to such motion in a writing filed with this court addressing each basis for dismissal. Plaintiff should address in such response his reasons for failing to serve Defendant Sellers in the manner required by law, his reasons for not including the summons with the Complaint, and any reasons why he believes the court should reopen and enlarge the time for

1

service of this defendant. Inasmuch as the time for service has now closed, plaintiff should explain why any neglect on his part is excusable.

Plaintiff is advised that while he has an absolute right to represent himself in this matter, the assistance of an attorney would be extremely helpful. There exist not only substantive requirements as to proving the claims he has made, but also procedural requirements which, if not carefully followed, can result in his claims never being considered on the merits. A preliminary review of the Complaint in this matter reveals that plaintiff is either a skilled writer or that he received assistance from an attorney in drafting his Complaint. The court would recommend that plaintiff again consult such attorney, if any, in an attempt to have such attorney make a general appearance in this matter on plaintiff's behalf.

Finally, the court has received plaintiff's initial response to Defendant Seller's motion. Plaintiff should note well that this Roseboro Order, like the two previous ones, is not an indication that the court has decided any issue, but only an attempt to explain the legal issues presented by the moving defendant so that plaintiff can file a meaningful response.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff respond to Defendant Seller's Motion to Dismiss within 14 days of the filing of this Order.

Due to plaintiff's previous allegation of a 10 day delay in the posting of the court's previous Roseboro Order, the Clerk of this Court is respectfully instructed to send a copy of this Order to plaintiff *via* certified mail.

Signed: August 1, 2006

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge