# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL NO. 2:06CV4

| | |
|---|---|
| STATE OF NORTH CAROLINA, *ex rel.*, and NICHOLAS JACK AYERS, <br><br> Plaintiffs, <br><br> vs. <br><br> JAY SELLERS, Individually and in his Official Capacity as a North Carolina State Trooper; BOBBY M. DEBRUHL, Individually and in his Official Capacity as Sheriff of Graham County; SCOTT CALDWELL, Individually and in his Official Capacity as an Employee of the Sheriff of Graham County; BRIAN JONES, Individually and in his Official Capacity as an Employee of the Sheriff of Graham County; and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Surety for Sheriff Bob DeBruhl, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) **MEMORANDUM AND ORDER** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**THIS MATTER** is before the Court on Plaintiff's objections to the Second and Third Memoranda and Recommendations of Magistrate Judge Dennis Howell regarding the motions to dismiss of Defendants Jay Sellers

and Scott Caldwell and Plaintiff's "motion for summative judgment" construed as a motion for entry of default and default judgment as to the Defendant Caldwell.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Nicholas Ayers filed this matter on January 27, 2006, asserting various federal and state claims based upon "repeated illegal seizures, detention and arrests of Nicholas Jack Ayers." **Complaint, filed January 27, 2006, ¶ 1.** Plaintiff has sued, among others, Defendant Scott Caldwell, in his individual and official capacities as a Graham County Deputy Sheriff, and Defendant Jay Sellers in his individual and official capacities as a North Carolina State Trooper.[1]

Both these Defendants moved to dismiss the complaint for insufficiency of service. The Magistrate Judge recommended that Defendant Caldwell be dismissed from the action without prejudice and that the claims against Defendant Sellers in his individual capacity be

---

[1] Previously, Plaintiff's action against Defendant Graham County was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief could be granted. **See Order, filed June 27, 2006.**

dismissed with prejudice and the claims against him in his official capacity be dismissed without prejudice. The Magistrate Judge also recommended that the Plaintiff be afforded an additional 30 days to effect service on these Defendants based upon his showing of good cause as required by Federal Rule of Civil Procedure 4(m). **Second Memorandum and Recommendation, filed August 17, 2006, at 10; Third Memorandum and Recommendation, filed September 6, 2006, at 10.** Plaintiff subsequently filed objections to both Memoranda and Recommendations regarding the Defendants' respective motions to dismiss pursuant to 28 U.S.C. § 636(b)(1)(C). The Magistrate Judge also addressed Plaintiff's "motion for summative judgment," construing it as a motion for entry of default and default judgment against Defendant Caldwell, and recommended the motion be denied "inasmuch as plaintiff failed to first perfect service on Defendant Caldwell." **Second Memorandum,** *supra*, **at 9, 11.** None of the parties herein filed objections to this additional issue.

## II. STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with

a copy thereof. **28 U.S.C. § 636(b)(1).** "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." ***Thomas v. Westinghouse Savannah River Co.*, 21 F.Supp.2d 551, 560 (D.S.C. 1997);** *see also*, **Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").** "Frivolous, conclusive or general objections need not be considered by the district court." ***Battle*, 834 F.2d at 421.** "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." ***Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004);** *see also **Jones v. Hamidullah*, 2005 WL 3298966, at \*3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].").** General or

conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. **Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003).** If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1)**. Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" **Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), cert. denied, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

### III. ANALYSIS

**A.   Defendant Caldwell's motion to dismiss**

Plaintiff's objections to the second Memorandum and Recommendation are substantively the same as his arguments asserted in response to Defendant Caldwell's motion to dismiss. Plaintiff asserts that he successfully served Defendant Caldwell with the summons and complaint in accordance with the Federal Rules of Civil Procedure by mailing, via certified mail, return receipt requested, the documents to

Defendant Caldwell's address as listed on his driver's license.  **Plaintiff's Response to Scott Caldwell's Motion to Dismiss, filed July 12, 2006, at 1-3; Plaintiff's Response to Second Memorandum and Recommendation, filed August 31, 2006, at 1-2.**  The Magistrate Judge thoroughly examined the arguments of both parties, the circumstances surrounding the attempted service and the applicable law, and came to the conclusion that Plaintiff's attempt at service was insufficient, thus warranting dismissal of his action against Defendant Caldwell.  **Second Memorandum and Recommendation, at 3-5.**  However, taking into account the understandable confusion surrounding Defendant Caldwell's actual residence, the Magistrate Judge recommended that because the Plaintiff had demonstrated good cause in his failure to properly serve Defendant Caldwell, a 30-day extension of time to perfect service under Federal Rule of Civil Procedure 4(m) should be allowed.  *Id.* **at 5-10.**

Because Plaintiff's objections to the memorandum and recommendation are essentially no more than a restatement of his previous arguments before the Magistrate Judge and thus constitute "general objections," this Court is not required to conduct a *de novo* review of his objections.  **Beinor, 81 F. App'x at 446.**  Nevertheless, this Court

has carefully examined Magistrate Judge's recommendation and finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the Defendant Caldwell's motion to dismiss be allowed and the Plaintiff be afforded an additional 30 days in which to perfect service on Caldwell.

### B. Plaintiff's "motion for summative judgment"

Because there were no objections filed by either party to the Magistrate Judge's recommendation denying Plaintiff's "motion for summative judgment" (construed as a motion for entry of default and default judgment as to Defendant Caldwell), this Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond, supra.*** After a careful review of the Magistrate Judge's Recommendation on this issue, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's

Recommendation that the Plaintiff's "motion for summative judgment" be denied.

## C. Defendant Sellers' motion to dismiss

Plaintiff's objections to the third Memorandum and Recommendation are literally the same as asserted in his original response to Defendant Sellers' motion to dismiss. Not only are the arguments substantively the same, but Plaintiff has copied verbatim the wording from his original response to Defendant's motion into his objections to the memorandum and recommendation. ***Compare* Plaintiff's Response to Defendant Sellers' Motion to Dismiss, filed June 15, 2006, at 1-3 *with* Plaintiff's Response to Defendant Sellers' Motion to Dismiss and Memorandum(s), filed September 8, 2006, at 1-3.** Plaintiff seems to have attempted masking the verbatim copying by adding or rewriting sentences to the beginnings and ends of paragraphs and rearranging paragraph structure, none of which have gone unnoticed by the undersigned. Because Plaintiff has simply restated in his present objections the reasons he originally opposed Defendant Sellers' motion to

dismiss, this Court views Plaintiff's objections as general objections and need not conduct a *de novo* review.  **Beinor, supra.**

This Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  **Diamond, supra.**  Nevertheless, this Court has thoroughly reviewed the Magistrate Judge's recommendation and agrees that, while Plaintiff has demonstrated good cause to reopen the time period for service upon the Defendant Sellers in his official capacity, Plaintiff has failed to demonstrate the requisite good cause to reopen the time period for service of Defendant Sellers in his individual capacity.  Accordingly, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law.  The Court hereby accepts the Magistrate Judge's Recommendation that the Defendant Sellers' motion to dismiss be allowed, but that the Plaintiff be afforded an additional period of time in which to properly serve Defendant Sellers in his official capacity only.

Additionally, the parties are strongly encouraged to consider waiver of service as set forth in Fed. R. Civ. P. 4(d).

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the motion of Defendant Caldwell to dismiss Plaintiff's claims against him is **ALLOWED,** and the same are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff shall have an additional thirty (30) days from entry of this Order to perfect service upon the Defendant Caldwell.

**IT IS FURTHER ORDERED** that the motion of Defendant Sellers to dismiss Plaintiff's claims against him is **ALLOWED,** and Plaintiff's claims against Defendant Sellers in his individual capacity are **DISMISSED WITH PREJUDICE**, and Plaintiff's claims against the Defendant Sellers in his official capacity are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff shall have an additional thirty (30) days from entry of this Order to perfect service upon the Defendant Sellers in his official capacity only.

Signed: November 22, 2006

Lacy H. Thornburg
United States District Judge