IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06cv4

| STATE OF NORTH CAROLINA EX REL. AND NICHOLAS JACK AYERS, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | |
| Vs. | ) ) ) | ORDER |
| JAY SELLERS, Individually and in his Official Capacity as a North Carolina State Trooper, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on Jay Sellers', sued in his Official Capacity, Motion to Dismiss.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion to dismiss for failure to state a cause of action. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law.

In this case, the moving defendant contends that it should be dismissed because Defendant Sellers, sued in claim one in his official capacity, is not a "person" capable of being sued under Section 1983 for money damages. As to the remaining claims, Defendant Sellers and the real party in interest (the State

1

of North Carolina or its agency the North Carolina State Highway Patrol) contend that such suit is barred by the eleventh amendment to the United States Constitution.

Plaintiff is advised that he must now respond to Defendant's Motion to Dismiss by filing a responsive brief. If he fails to respond to defendant's motion, the court will summarily recommend that his claims against the moving defendant be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff respond to Defendant Sellers' Motion to Dismiss within 14 days of the filing of this Order.

```
                            Signed: April 27, 2007
```

Dennis L. Howell
United States Magistrate Judge