# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cv4

| | |
|---|---|
| STATE OF NORTH CAROLINA EX REL. AND NICHOLAS JACK AYERS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| Vs. | ) **FOURTH**<br>) **MEMORANDUM AND**<br>) **RECOMMENDATION** |
| JAY SELLERS, Individually and in his Official Capacity as a North Carolina State Trooper, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on defendant Jay Seller's second Motion to Dismiss (#58). As to the first Motion to Dismiss filed by Defendant Sellers, the undersigned recommended that Defendant Seller's Rule 12(b)(5) motion be allowed with prejudice as to Defendant Sellers in his individual capacity, and without prejudice as to Defendant Sellers in his official capacity, and the district court accepted such recommendations. See Order of November 22, 2006, Docket Entry #48. Plaintiff having reasserted his remaining claims against Defendant Sellers in his official capacity, Defendant Sellers has moved to dismiss such claims under Rule 12(b)(6), arguing that plaintiff has failed to state cognizable claims. On May 14, 2007, plaintiff filed his response to such second motion (#40), which is brought under Rule 12(b)(6). Defendant Sellers has filed no Reply. Having considered Defendant Seller's second Motion to Dismiss, the undersigned enters the following findings, conclusions, and Recommendation.

# FINDINGS AND CONCLUSIONS

I. **Defendant Seller's Rule 12(b)(6) Motion**

   A. **Background**

Inasmuch as plaintiff is proceeding *pro se,* the undersigned issued an Order (#60) on April 30, 2007, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the nature of defendant's motion, advising plaintiff on the manner of response, and granting plaintiff additional time to so respond. Plaintiff timely responded to the motion, arguing that the state is liable for Defendant Seller's actions, that the eleventh amendment provides no protection to defendant, and that defendant consented to be sued and waived jurisdictional defenses by his counsel filing a notice of appearance. Plaintiff also argues the merits of his constitutional claims.

   B. **Rule 12(b)(6) Standard**

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be

2

> dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

C.  **Discussion**

1.  **State of North Carolina is Not a Proper Defendant**

Based on the district court dismissing all claims asserted against Defendant Sellers in his personal capacity with prejudice, the only claims that remain are against Defendant Sellers in his official capacity as a State Trooper, an employee of the State of North Carolina. In attempting to sue Defendant Seller in his official capacity, plaintiff has, in reality, attempted to sue the State of North Carolina, which enjoys eleventh amendment protections. Neither a state nor an official acting in his official capacity is a "person" within meaning of Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). See Kentucky v. Graham, 473 U.S. 159, 165 (1985).

Plaintiff brings his action under 42, United States Code, Section 1983, which provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Only a person may be sued under Section 1983. A State Trooper or the State of North Carolina is simply not a *person* within the meaning of Section 1983. Monell v. Department of Social Services, 436 U.S. 658 (1978), overruling in part Monroe v. Pape, 365 U.S. 167 (1961). The State of North Carolina, however, enjoys absolute immunity from suit in this court. Immunity of states is embodied within the eleventh

amendment to the United States Constitution. In pertinent part, the eleventh amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In Quern v. Jordan, 440 U.S. 332 (1979), the Supreme Court found that through passage of Section 1983 Congress did not express a clear intent to strip states of immunity from prosecution in federal courts:

> [Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States.

Id. at 345. Suit is barred against a state when it is either a named party or, as here, a party in fact. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974). See Brandon v. Holt, 469 U.S. 464, 471 (1985); Kentucky v. Graham, 473 U.S. 159, 165 (1985); and Edelman v. Jordan, 415 U.S. 651 (1974). Absent waiver or consent, the eleventh amendment bars suit directly against the state regardless of the relief sought. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

In his timely response, plaintiff has argued that Defendant Sellers' waived the protection of the eleventh amendment and consented to be sued when on July 14, 2006, the Attorney General filed a Notice of Appearance on behalf of Defendant Sellers prior to filing a motion to dismiss. The motion, however, was docketed as "NOTICE of Limited Appearance by Hal F. Askins on behalf of Jay Sellers," Docket Entry #33 (emphasis in original), and the substance of the motion was soon thereafter

amended by counsel on July 18, 2006, to provide for a limited appearance, thereby accurately reflecting the earlier docket entry. See Docket Entry #34.[1]

For the limited purpose of the pending motion, the court will assume, *arguendo*, that Defendant Sellers made a general appearance. Such a general appearance, by itself, is of no consequence. The prevailing case law indicates that waiver of eleventh amendment immunity occurs when the state makes a general appearance <u>and</u> defends the case on the merits. Appellate courts have consistently held, as follows:

> A state may also waive its Eleventh Amendment immunity through conduct. *Garrity v. Sununu*, 752 F.2d 727, 738 (1st Cir.1984). Courts have inferred a waiver when the State has made a general appearance in federal court and defended a lawsuit on the merits. *See Sosna v. Iowa*, 419 U.S. 393, 396 n. 2, 95 S.Ct. 553, 555 n. 2, 42 L.Ed.2d 532 (1975); *Clark v. Barnard*, 108 U.S. 436, 447-48, 2 S.Ct. 878, 882-84, 27 L.Ed. 780 (1883). In *Paul N. Howard Co. v. Puerto Rico Aqueduct Sewer Authority*, 744 F.2d 880 (1st Cir.1984), *cert. denied*, 469 U.S. 1191, 105 S.Ct. 965, 83 L.Ed.2d 970 (1985), a governmental corporation "not only appeared but filed a counterclaim and a third-party complaint." *Id.* at 886. The First Circuit thus had "little trouble concluding that [the corporation] voluntarily submitted to the jurisdiction of the federal court, thereby waiving any Eleventh Amendment immunity...." *Id.*

*Hankins v. Finnel,* 964 F.2d 853, 856 (8th Cir. 1992). In this case, the State of North Carolina has presented absolutely no defense on the merits as to plaintiff's claims, but has instead argued plaintiff's procedural missteps both in its first and second motions to dismiss.

---

[1] In the substance of such Notice, counsel for the state seeks leave of court to amend the earlier Notice. Inasmuch as such was not captioned as a Motion, such request for relief has not been addressed by the court.

For the reasons set out above, the undersigned must recommend to the district court that defendant's second Motion to Dismiss be granted.

\* \* \*

The court notes that a CIAC has been filed by the parties and the court will act on this once the district court resolves this fourth recommendation and issues join.

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that Defendant Jay Sellers' Motion to Dismiss (#58) be **ALLOWED** in its entirety, as follows:

(1) to the extent plaintiff has attempted to again sue defendant Jay Sellers in his individual capacity (as indicated in the summons), that such claims be again **DISMISSED** with prejudice as absolutely barred by this court's previous Order; and

(2) that all remaining claims against defendant Jay Sellers in his official capacity be **DISMISSED** with prejudice inasmuch as such a claim is a claim against the States of North Carolina and, as such, is absolutely barred under the eleventh amendment to the United States Constitution.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service

of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: June 4, 2007

Dennis L. Howell
United States Magistrate Judge